IN THE DISTRICT COURT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) |
| --- | --- |
|  | ) |
|  | ) Criminal No. 19cr10400 |
| v. | ) |
|  | ) |
| SEA HARVEST INC., and | ) |
| FISHING VESSEL ENTERPRISES, INC. | ) |
|  | ) |
|  | ) |
| Defendants. | ) |

U.S. DISTRICT COURT DISTRICT OF MASS. 2019 OCT 17 AM 8: 40 FILED IN CLERKS OFFICE

## INFORMATION

THE ASSISTANT ATTORNEY GENERAL FOR THE ENVIRONMENT AND NATURAL RESOURCES DIVISION CHARGES THAT:

### COUNT ONE
(Clean Water Act - 33 U.S.C. § 1321(b))

#### FACTUAL BACKGROUND

At all times relevant herein,

<u>Corporate Defendants</u>

#### SEA HARVEST INC.

1. SEA HARVEST INC. has operated and chartered a large fleet of commercial fishing vessels in the United States, including within the District of Massachusetts, since at least on or about 2011. The vessels that SEA HARVEST INC. operated and chartered were engaged in numerous types of commercial fisheries including surf clams, fin fish, scallops, and oysters. SEA HARVEST INC. routinely chartered vessels that were owned by wholly-owned subsidiaries of FISHING VESSEL ENTERPRISES, INC. At all times relevant to this Information, the *Fishing Vessel* ("*F/V*") *Enterprise* and the *F/V Pacific Capes* were operated and chartered by SEA HARVEST INC. and the crews working aboard the vessels, up to and including the Master (also

known as "Captain"), were agents and/or employees of SEA HARVEST INC. and were acting at all times within the scope of their agency and/or employment and on behalf of, and for the benefit of, SEA HARVEST INC.

## FISHING VESSEL ENTERPRISES, INC.

2. FISHING VESSEL ENTERPRISES, INC. has owned, through wholly-owned subsidiaries, a fleet of commercial fishing vessels in the United States, including within the District of Massachusetts, since at least on or about 2011. The vessels that FISHING VESSEL ENTERPRISES, INC., owned were operated and chartered by SEA HARVEST INC. and were engaged in numerous types of commercial fisheries including surf clams, fin fish, scallops, and oysters. At all times relevant to this Information, the *F/V Enterprise* and the *F/V Pacific Capes* were owned, through wholly-owned subsidiaries, by FISHING VESSEL ENTERPRISES, INC., and the crews working aboard the vessels, up to and including the Master (also known as "Captain"), were agents and/or employees of FISHING VESSEL ENTERPRISES, INC., and were acting at all times within the scope of their agency and/or employment and on behalf of, and for the benefit of, FISHING VESSEL ENTERPRISES, INC.

The Vessels

### *F/V Enterprise*

3. The *F/V Enterprise* was an ocean-going commercial fishing vessel owned, through wholly-owned subsidiaries, by FISHING VESSEL ENTERPRISES, INC., and operated and chartered by SEA HARVEST INC. The *F/V Enterprise* was engaged in the surf clamming fishery, flagged in the United States, and bore Official Number 642230. The *F/V Enterprise* was a vessel less than 400 gross tons and not equipped with an Oil Water Separator (OWS).

2

## *F/V Pacific Capes*

4. The *F/V Pacific Capes* was an ocean-going commercial fishing vessel owned, through wholly-owned subsidiaries, by FISHING VESSEL ENTERPRISES, INC., and operated and chartered by SEA HARVEST INC. The *F/V Pacific Capes* was engaged in the international yellow tail flounder fishery, flagged in the United States, and bore Official Number 583721. The *F/V Pacific Capes* was a vessel less than 400 gross tons and not equipped with an OWS.

## LEGAL BACKGROUND

5. In the Federal Water Pollution Control Act (the "Clean Water Act"), as amended by the Oil Pollution Act, 33 U.S.C. § 1321(b)(1), Congress has declared that it is the policy of the United States that there should be no discharges of oil or hazardous substances into or upon the navigable waters of the United States or the adjoining shorelines or which may affect natural resources belonging to, appertaining to, or under the exclusive management authority of the United States.

6. The Clean Water Act makes it a crime for a person to knowingly discharge oil that may affect the natural resources belonging to the United States in a quantity that may be harmful. 33 U.S.C. §§ 1319(c)(2)(A) and 1321(b)(3).

7. The Clean Water Act defines a "discharge" as any spilling, leaking, pumping, pouring, emitting, emptying, or dumping. 33 U.S.C. § 1321(a)(2). The Clean Water Act defines "oil" as oil of any kind or in any form, including, but not limited to, petroleum, fuel oil, sludge, and oil residue. 33 U.S.C. § 1321(a)(1).

8. Federal regulations promulgated under the Clean Water Act define the quantity of oil that "may be harmful" as including any discharges of oil that cause a film or sheen upon or discoloration of the surface of the water or adjoining shorelines or cause a sludge or emulsion to be deposited beneath the surface of the water or adjoining shorelines. 40 C.F.R. § 110.3.

9. The natural resources of the United States include the Exclusive Economic Zone that extends 200 nautical miles from the baseline from where the territorial sea is measured. Presidential Proclamation 5030, March 10, 1983.

10. A vessel less than 400 gross tons may not be operated unless it has the capacity to retain on board all oily mixtures and is equipped to discharge these oily mixtures to a reception facility, or, it is properly equipped with an OWS. 33 C.F.R. § 155.350. An "oily mixture" is defined as "a mixture, in any form, with any oil content" and includes "slops from bilges." 33 C.F.R. § 151.05.

11. On or about September 20, 2017, within the navigable waters of the United States, and within the District of Massachusetts, crewmembers on board the *F/V Enterprise*, who were acting within the scope of their agency and employment on behalf of, and for the benefit of, Defendants SEA HARVEST INC. and FISHING VESSEL ENTERPRISES, INC., knowingly discharged oily bilge water and oily mixtures into waters of the United States, within New Bedford Harbor, in a quantity that may be harmful to the natural resources of the United States.

All in violation of Title 33, United States Code, Sections 1319(c)(2)(A) and 1321(b)(3).

### COUNT TWO
*(Clean Water Act - 33 U.S.C. § 1321(b))*

12. Paragraphs 1 through 10 of this Information are hereby re-alleged and incorporated by reference herein.

13. On or about July 3, 2018, within the navigable waters of the United States, and within the District of Massachusetts, crewmembers on board the *F/V Pacific Capes*, who were acting within the scope of their agency and employment on behalf of, and for the benefit of, Defendants SEA HARVEST INC. and FISHING VESSEL ENTERPRISES, INC., negligently discharged oily bilge water and oily mixtures into waters of the United States, within New Bedford Harbor, in a quantity that may be harmful to the natural resources of the United States.

All in violation of Title 33, United States Code, Sections 1319(c)(1)(A) and 1321(b)(3).

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

By: _____  10-16-19
STEPHEN DA PONTE           (Date)
Trial Attorney
Environmental Crimes Section

_____  10-16-19
KENNETH E. NELSON           (Date)
Senior Trial Attorney
Environmental Crimes Section